United States District Court
District of Minnesota

| | |
|---|---|
| DONALD WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>STOYANOV & HYMAS d/b/a 411 LOCALS<br><br>        Defendant. | Court file no. _____<br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Introduction

1. Plaintiff brings this action against Defendant Stoyanov & Hymas d/b/a 411 Locals [hereinafter "411 Locals"] to recover damages and other relief available at law for the negligent, knowingly and/or willful conduct of contacting Plaintiff via his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et se. [hereinafter "TCPA"].

## Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227 for the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

3. Injunctive relief is available pursuant to TCPA 47 U.S.C. § 227(b)(3)(A).

4. This action arises out of 411 Locals repeated violations of the TCPA in its efforts to collect a debt from Plaintiff.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, 411 Locals transacts business here, and called Plaintiff repeatedly here.

## Parties

6. Plaintiff Donald White is a natural person who resides in Circle Pines, County of Anoka, State of Minnesota.

7. 411 Locals is, and at all times mentioned herein, was a corporation organized and existing under the laws of the State of Nevada, with its principle place of business located at 101 Convention Center Drive, Las Vegas, Nevada 89109.

## Factual Allegations

*Background*

8. 411 Locals advertises itself as an internet advertising corporation that specializes in search engine optimization, web design, online and mobile marketing, and quality content, with annual gross sales that exceed $500,000.00.

9. Upon information and belief, Plaintiff retained the services of 411 Locals to build and design a website for his business.

10. Upon information and belief, at some point in time thereafter, Plaintiff became unsatisfied with the website 411 Locals designed for his business, disputing the costs it charged him.

11. That in an effort to collect what it felt was past due charges, 411 Locals began making repeated telephone calls to Plaintiff's cellular telephone, with said phone number ending in xxx-xxx-1313.

12. The telephone number ending in 1313, which 411 Locals used to contact Plaintiff repeatedly, was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

14. At all times relevant to this complaint, 411 Locals owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

15. 411 Locals, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

16. 411 Locals, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(28).

17. At all times relevant to this complaint, 411 Locals has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

18. At all times relevant to this complaint, 411 Locals used, controlled, and/or operated an "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1), and 47 C.F.R. 64.1200(f)(2).

19. At all times relevant to this complaint, 411 Locals used artificial or prerecorded voices to call and leave messages for people that allegedly owed it debt.

*No Consent to Call Plaintiff with an "automatic telephone dialing system" or artificial or prerecorded voices*

20. Upon information and belief, Plaintiff did not sign any document that expressly permitted 411 Locals to call his cellular telephone, number ending in 1313.

21. That even if Plaintiff did give prior written consent, 411 Locals' consent to call Plaintiff's cellular telephone ending in 1313 was expressly, and in writing, clearly revoked on December 4, 2013.

22. On December 4, 2013, Plaintiff faxed to 411 Locals, via telephone number 702-920-8052, a letter signed by him, identifying his cellular telephone number ending

in 1313, and on 411 Locals' November 25, 2013 collection letter addressed to Plaintiff, a letter that stated:

" I do not want any more phone calls about this or any other issues you might have regarding this matter."

23. On December 5, 2013, Plaintiff faxed to 411 Locals via telephone number 702-920-8052, another letter signed by him and identifying his cellular telephone number:

"I faxed you yesterday and told you not to call my cell phone ever again neither 411 Locals or Fernando-Garcia or anybody else that work for 411 Locals."

24. On December 24, 2013, Plaintiff faxed a third letter to 411 Locals again signed by him and identifying his cellular telephone number ending in 1313, stating:

"To 411 Locals – I have now faxed you twice and asked you several times to stop calling my cell phone xxx-xxx-1313.  Do not call my cell phone ever again, period, for any reason.  You do not have permission for any reason.  You do not

permission for any reason to call my cell phone xxx-xxx-1313.  Send any and all letters communication to my address."

25. Plaintiff, as part of this December 24, 2013 facsimile, provided his address and account number as well.

*First illegal automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system call in violation of the TCPA*

26. On December 5, 2013, 411 Locals did not have consent to telephone Plaintiff's cellular telephone, number ending in 1313, for any reason.

27. That on this date, Plaintiff did not provide "express consent" or any other form of consent allowing 411 Locals to make a telephone call to Plaintiff's cellular telephone with or without the use of any automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system.

28. That on this date, even if Plaintiff had unknowingly provided express written consent to 411 Locals prior to this date, Plaintiff had already expressly informed and clearly revoked any and all consent 411 Locals may have perceived it had, negligently or otherwise, thereby putting it on notice, i.e., "knowing" it could not call Plaintiff's cellular telephone ending in 1313 with an automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system.

29. That upon information and belief, on this date, 411 Locals called Plaintiff's cellular telephone, number ending in 1313, using an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

30. On this date, any consent 411 Locals may have believed it had, albeit wrongly, was unequivocally confirmed not to exist by Plaintiff from the facsimile he sent the day before.

31. That even prior to sending the facsimile dated December 4, 2013, Plaintiff, on numerous occasions, informed 411 Locals' employee(s) that he did not want any more telephone calls to his telephone number ending in 1313.

32. That in addition to making it explicitly clear to never call his cellular telephone again, 411 Locals continued to call.

### *Continued Knowing and Willful Conduct*

### a. *79 Continued Calls with Automatic Telephone Dialing System/Artificial or Pre-Recorded Voice/Predictive Dialer System in Violation of 47 U.S.C. § 227(b)(1)(A)(iii)*

33. Upon information and belief, using an automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system in violation of 47 U.S.C. § 227(b)(1)(A)(iii), and despite being told both verbally and via multiple

        facsimiles to not call Plaintiff's telephone ever again, 411 Locals and its employees knowingly or wilfully continued to repeatedly call Plaintiff on his cellular telephone ending in 1313 on December 9, 2013, December 10, 2013, December 12, 2013, December 14, 2013, December 16, 2013, December 17, 2013, December 18, 2013, December 21, 2013, December 23, 2013, December 27, 2013, December 28, 2013, December 30, 2013, January 2, 2014, January 3, 2014, January 6, 2014, January 7, 2014, January 8, 2014, January 9, 2014, January 10, 2014, January 15, 2014, January 17, 2014, January 20, 2014, January21, 2014, January 23, 2014, January 24, 2014, January 27, 2014, January 28, 2014, January 29, 2014, January 30, 2014, January 31, 2014, February 3, 2014, February 4, 2014, February 5, 2014, February 6, 2014, February 6, 2014, February 7, 2014, March 17, 2014, March 18, 2014, March 22, 2014, March 25, 2014, March 29, 2014, April 1, 2014, April 2, 2014, April 3, 2014, April 4, 2014, April 11, 2014, April 15, 2014, April 17, 2014, April 18, 2014, April 19, 2014, May 5, 2014, May 6, 2014, May 7, 2014, May 9, 2014, May 12, 2014, May 13, 2014, May 21, 2014, May 23, 2014, and June 6, 2014.

34.    Upon information and belief, Plaintiff received at least Seventy-Nine (79) of these calls to his cellular telephone by 411 Locals using an automatic telephone dialing

system/artificial or prerecorded voice/predictive dialer system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) since December 4, 2013.

35. Upon information and belief, 411 Locals used the following telephone numbers to call Plaintiff's cellular telephone, including, but may not have been limited to, 877-358-0761, 208-690-3049, 216-223-7276, and 202-715-2665.

### b. *April 4, 2014 telephone call with 411 Locals*

36. On or about April 4, 2014, Plaintiff spoke with 411 Locals' employee, Fernando Hernandez, via telephone.

37. That during this telephone call, and upon information and belief, Plaintiff again instructed 411 Locals to stop calling his cellular telephone.

38. That Mr. Hernandez, 411 Locals' employee, informed Plaintiff that his cellular telephone number was in the auto-dialer and it would continue to call the Plaintiff until he paid his bill, or used words to those effects.

39. Plaintiff has continued to dispute with 411 Locals the amount he allegedly owes to 411 Locals, and again did so during this conversation.

40. Mr. Hernandez further informed in this April 4, 2014 telephone conversation that he was unable to remove Plaintiff's telephone number from the auto-dialer, or used words to those effects.

41. Further, during this telephone call, Mr. Hernandez informed Plaintiff that all telephone calls with 411 Locals were recorded.

### c. *June 6, 2014 Telephone Call with 411 Locals*

42. On or about June 6, 2014, after Plaintiff received another call from 411 Locals, Plaintiff called 411 Locals back.

43. That upon calling 411 Locals back, Plaintiff needed to press option 1; thereafter a male voice came on the line that immediately inquired whether or not Plaintiff was on the phone.

44. Upon information and belief, after Plaintiff confirmed who he was, 411 Locals' employee identified himself as Kevin; providing a last name that Plaintiff does not currently remember.

45. Thereafter, upon information and belief, Kevin immediately asked Plaintiff why he was not responding to the phone calls on the past due account, or used words to those effect.

46. Plaintiff again disputed the amount of the alleged past due charges.

47. Plaintiff thereafter responded that he has told 411 Locals numerous times to stop calling his cell phone; that if 411 Locals wanted this issue resolved, to send it in writing, or used words to those effects.

48. Plaintiff informed 411 Locals' employee that he was angry that 411 Locals continued to harass him with the phone calls, or used words to those effect.

49. Kevin responded that Plaintiff's phone number was in an auto-dialer and he did not have to worry about it, the auto-dialer was going to keep calling Plaintiff until he paid, or used words to those effect.

*Summary*

50. 411 Locals' repeated calls to Plaintiff's cellular telephone within the last one (1) year prior to filing this complaint were illegal and in violation of the TCPA, 47 U.S.C. § 227 et seq.

51. 411 Locals' actions constituted unauthorized use of, and interference with Plaintiff's cellular telephone service for which Plaintiff paid money.

**Respondeat Superior Liability**

52. The acts and omissions of 411 Locals(s), and the employees employed as agents by 411 Locals, who communicated and attempted to communicate via telephone with Plaintiff, as more further described herein, were committed within the time and space limits of their agency relationship with their principal, 411 Locals.

53. The acts and omissions by 411 Locals and these other employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by 411 Locals.

54. By committing these acts and omissions against Plaintiff, 411 Locals and these other employees were motivated to benefit their principal, 411 Locals.

55. 411 Locals is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees, including but not limited to violations of the TCPA.

### Trial by Jury

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

### Causes of Action

### Count 1:
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227 et seq.

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Within the one year period immediately preceding this action, 411 Locals made numerous calls to the Plaintiff's cellular telephone service, number ending in 1313, using an automatic telephone dialing system/artificial or pre-recorded

voice/predictive dialer system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

59. The acts and/or omissions of 411 Locals at all times material and relevant hereto, as described in this complaint, were done negligently, knowingly, willfully, unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

60. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., 411 Locals at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

61. 411 Locals did not have the prior express consent of Plaintiff to use an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system to call his cellular telephone, and was notified that any consent it believed it had was as of December 4, 2013, clearly revoked and not given to use such device(s) when calling his cellular telephone number ending in 1313.

62. 411 Locals made such calls knowingly, intentionally, or willfully despite Plaintiff's repeated request not to make such calls.

63. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

64. Because 411 Locals knowingly or willfully violated the TCPA, Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff for those knowing or willful telephone calls to Plaintiff's cellular telephone number ending in 1313, pursuant to the 47 U.S.C. Section 227(b)(3).

65. Plaintiff is entitled to injunctive relief prohibiting 411 Locals, its affiliates, subsidiaries, or agents from contacting the Plaintiff on his cellular phone using an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system pursuant to the 47 U.S.C. Section 227(b)(3)(A).

**Prayer for Relief**

**Wherefore**, Plaintiff prays that judgment be entered against 411 Locals for:

**Count 1:**

**Violations of the Telephone Consumer Protection Act 47 U.S.C. §§ 227 et seq.**

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against 411 Locals and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against 411 Locals and for Plaintiff for each and every knowing or wilful call to Plaintiff's cellular telephone;

- for an injunction prohibiting 411 Locals from contacting Plaintiff on his cellular telephone using an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system pursuant to 47 U.S.C. Section 227(b)(3)(A); and
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: 07/28/14

**JOHNSTON | MARTINEAU, P.L.L.P.**

s/Christopher P. Martineau
Christopher P. Martineau, Esq.
Attorney I.D.#0329265
Christopher A. Johnston, Esq.
Attorney I.D. #031156X
2233 Hamline Avenue North, Suite 102
Roseville, MN 55113
Telephone:  (612) 767-7790
Facsimile: (612) 379-0480
cmartineau@jm-legal.com
cjohnston@jm-legal.com

**ATTORNEYS FOR PLAINTIFFS**

## Verification of Complaint and Certification

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF RAMSEY            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Donald White having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  07/22/14                          s/Donald L. White
                                                Donald White